Good morning, your honors. May it please the court, Stan Gibson on behalf of the appellant of Metal Jeans. The district court's summary judgment on unclean hands should be reversed for three independent reasons. First, the district court did not articulate any standard that it was using to analyze the conduct at issue here. Clear and convincing evidence is required and the district court never stated that it was using clear and convincing evidence and that by itself should require a reversal so the district court can analyze this case under the proper standard. Second, the district court failed to consider the conduct of Metal Sports itself in terms of unclean hands and in fact construed facts against Metal Jeans when on summary judgment it should have construed those facts in favor of Metal Jeans and this also should require reversal. Finally, the third and independent reason for reversal is that the district court relied upon disparate and unrelated items of conduct that by clear and convincing evidence do not show unclean hands and for that third reason the district court should also be reversed. Turning to the first issue, it is very clear that under the Ninth Circuit's law that a determination of it's also clear here that the district court never articulated any standard that it was using for its review of the facts at issue here. The Ninth Circuit has said on several occasions that the failure to articulate a standard of review is grounds for reversal and here we're left to guess at what standard of review was used. Metal Sport has argued that you can infer that clear and convincing evidence the district court never explained that it was using clear and convincing evidence and that's all the more problematic in a situation such as this where there's very factually intensive issues there's a necessary finding of bad intent and deception of the public and none of that was done by clear and convincing evidence so for that reason alone the district court should be reversed and the case should be remanded for the district court to analyze the facts under the appropriate standard. The second issue that in our view if we were to send this back would I mean this is an equitable this unclean hands defense is an equitable issue so the district court if we sent this back the district court would be deciding the facts presumably rights because it wouldn't be summary judgment and be moving beyond summary judgment but it'd be the same district court judge not a jury or other fact finder deciding the facts is that right? Well that could be your honor this is a summary judgment motion that it was heard at the district court could decide to have a trial on the issues they found were in dispute such as the the issues of likelihood of confusion so there were cross motions for summary judgment the district court could turn all of these issues over to a jury. Does the district court need to do that I mean let's say that I'm assuming that the district court is going to send them for facts and just to have these issues decided as a matter of fact it doesn't have to be a jury right in because this is a equitable issue the equitable issues even if there's a factual determination to be made it can be the judge that does it right? That's correct your honor the the judge would ultimately make the determination of whether it was unclean hands but it should do so reviewing the facts and not on summary judgment the facts here really require a district court to have a trial on the issues here testimony resolve issues of credibility at that time what the district court did here was resolve those types of issues on summary judgment so there's an inference that there was there was bad faith but we don't know what the district court would have decided had there been a trial on the merits on the unclean hands issue so yes your honor is correct that the district court would make the drawing the inferences against metal genes on summary judgment now the second reason that the district court should be reversed and in our view is that metal sport itself acted with unclean hands and there's this issue was raised in the district courts opinion and we believe in that situation the district court sort of gave it the back of its hand by saying that this was just a business judgment of metal sport and that's not an issue to determine on unclean hands well on summary judgment again the fact should have been construed in favor of metal jeans and the facts here were that metal sport told the trademark office in order to get its registration that it was removing certain goods the the issue the goods that are specifically at issue with it in the trademark lawsuit the the jeans the shirts etc from his trademark registration because the trademark office thought there could be indeed likelihood of confusion between metal jeans mark and metal sports mark so having made that representation what happens is that metal sports continues not only to sell the articles it sells the articles with the the metal logo it has and metal sport puts the registration mark telling the world and and and certainly the people in the public of the United States that has a registration for those particular goods when explicitly told the trademark office that it wasn't going to use the registered mark for those goods so that deception to the trademark office and to the public is metal sports own unclean hands which when the facts are taken in support of of the metal jeans as they should have been on summary judgment should at least create a tribal issue of fact that would that would require a determine which way this this goes and whether or not metal sport can even use the defense of unclean hands because it also is well established that you can't use the defense of unclean hands if you yourself have unclean hands and here we established that metal sport itself came into the court with unclean hands the way it it it used the mark the very market issue that was the subject of the put the registration symbol with it and notify the public on its website and notify competitors that it had in fact a mark a registered mark for jeans and shirts when it told the trademark office that it wasn't seeking such a market in fact when the trademark office gave it its registration for powerlifting lifting apparel it it it restricted it and and deleted those items so we believe that that shows that there was unclean hands on behalf of metal sport and it shouldn't be allowed to take advantage of the use of the defense of unclean hands in that situation did you move for summary judgment on that on your side or are you just saying are you asking us to say that should mean that that knocks out your unclean hands are you saying that that we should rule in your favor on that or that we should send it back for the judge to have to have it have a trial on the latter your honor we're saying that the case should be remanded we did not appeal the denial of the summary judgment on likelihood of confusion where the district court found there were issues of fact we only appealed the district courts decision that unclean hands barred all of metal claims from going forward so in the situation where we have metal sport acting with unclean hands or at least there's a dispute issue of back to that we're not asking the court to determine whether metal sport is barred from raising unclean hands we're saying that the district court should the case should be remanded for the district court to make that determination in the first instance so that's the second reason that we believe that the matter should be sent back and remanded to the district court the third reason is the district court relied on different parts of conduct that what we believe do not show bad intent and also are not directly related to the case so there's instances where the district court looked at conduct of Topolesky America which is not the plaintiff here in terms of the cancellation of its mark we don't think that that pertains to metal jeans the metal jeans mark itself was obtained through the trademark office and and the conduct that all pertains to Topolesky America should not have been considered in in terms of looking at the fact that you have to have the conduct directly rated related to the market issue in this case so we didn't there's not evidence that is directly related to the market issue in this case even if you look at the the specific stuff with respect to metal jeans with metal jeans there's a there's a description of the denim brand well the premium denim brand was was a number of reasons why the applicant argued that it was distinct from the Under Armour brand in order to get the trademark and it's not clear whether that had any impact in fact I think in taking the inferences again on summary judgment in favor of metal jeans the the trademark office did not restrict the registration that metal sport or excuse me that metal jeans obtained to premium denim so it's it's likely if you take the inferences in favor of metal jeans the trademark office did not even consider that statement so it's not directly related to the market issue here and the the continuance of the case on against metal sport in addition the other piece of evidence that they looked at was the American worn American made evidence that that metal jeans had a purportedly said and used where the evidence that metal sport put forward words was from a different case related to boots primarily and was something that wasn't even part of the metal jeans mark in this situation so and there's no indication that just because a couple of the different goods weren't made in America where that you know interrogatory response makes clear that everything else was there was some sort of bad intent or deception going on counsel I'm trying to I'm waiting for a break and you're speaking and you don't stop at all but I'll interrupt here so under carpet steamers we when when we said that the court was required to state the clear and convincing standard it was because there the the ambiguity in the record led us to conclude that the district court in fact applied the wrong standard what can you point to to show that the district court here applied the wrong standard well I think it's the same evidence your honor I've been going through it's the these disparate pieces of conduct or the American made American worn or the website information that that it said metal jeans Inc. on the trademark when it was top of the ski America well but metal jeans was the DBA at that point in time there's no deception there there's no evidence of any deception to consumers or the public no harm to metal sport was shown they have arguing you know saying that it's not that he didn't use clear and convincing evidence you're there's no evidence at all well there's not sufficient evidence for clear and convincing evidence but I think that going to your honors question the court looks like it applied a preponderance of the evidence standard when it puts together all these disparate pieces of evidence it's doing so on a preponderance of the evidence standard it's not articulating it but how can you what what can you point to that it's using preponderance and not clear and convincing well the clear clear and convincing standard decided to it it right cases and it didn't there's nothing that shows that it was applying a lesser burden well we have to make an assumption as to what burden the court was applying because we can't tell from what the court did it it doesn't cite any cases supplying the clear and convincing evidence standard the appellee cited cases metal sport did but the district court did not cite those cases in its ruling so we're left to infer what the standard is and based on the review of the record it appears as if the proponents the evidence with standard was applied because the district court is piecing together all these different pieces of conduct and with that you're I'd like to reserve the remainder of my time if I may all right mr. Marcus good afternoon your honor may please the court my name is Yuval Marcus on behalf of appellee metal sport the discretion in determining basically undisputed facts of the record that there was clear and convincing evidence of appellant metal jeans on clean hands the district court relied on multiple bases for its determination that the application of unclean hands was warranted for example the court relied on the inequitable conduct before the United States Patent and Trademark Office and connection in connection with the metal trademark that is an issue in this case and conclude including the determination that the by the USPTO's trademark trial and appeal board that metal jeans principal committed fraud by either knowingly or with reckless disregard for the truth making false statements to the USPTO in connection with the trademark registration for the metal mark now let's start with that one counsel let's start with that one because I think you earlier said that you relied on to in this undisputed facts but the issue has to be whether or not what the reason for those statements were that you know they're leaving out the five years I think it was for shoes or something like that or boots or maybe that they hadn't sold boots for five years but it seems to me like you could draw several inferences from that one you could draw that they were blatantly trying to lie I guess but the other and as they point out in the briefing you could draw other inferences from that you could draw that that they thought that I think it was Montgomery wards if those I don't think they're around anymore but the Montgomery wards was actually selling their boots but they weren't selling their boots or something like that right I mean it seems to me like that's a that's actually an example of what the judge did a lot here which is the judge took some facts that could go one way and after after like a trial you could you could conclude that but it didn't they didn't necessarily he seems like he took cracks and held them against the non-moving party it's not disputed I guess the point it seems to me that these are not undisputed facts the implications of the facts for aren't undisputed well you know your honor it's undisputed that the TTAB the United States Patent and Trademark Office administrative tribunal made a determination that that the statement submitted by mr. top of the scheme was made either with knowledge that it was false or with reckless disregard as to whether it was true that that's a judicial determination by administrative body I don't think that that's disputed but that happened right so so they they're speculate in their papers that maybe it was with innocent intent but that that there was an administrative tribunal that made a determination that it was not inadvertent wasn't a mistake it was made knowingly and with reckless disregard for the truth and a constitutive fraud sufficient to invalidate the trademark registration they canceled the trademark registration based on fraud so I don't think there's any inferences that are being made there that's an undisputed fact that the at the trademark registration for the metal mark by the same principle that is the principle of the plaintiff in this case was canceled due to fraudulent statements made by mr. top of the scheme so I don't think there's any inference that needed to be drawn by the district court it was it was an undisputed fact that that that determination had been made by the United States Patent and Trial and Appeal Board versus this different company correct like that was actually a different company that it's the same principle but a different company correct it was a different company but the current plaintiff in this case needs to rely upon the trademark rights of that prior company in order to establish priority in this case the trademark in this case our clients use began in 1997 the metal jeans company which is the plaintiff in this case was an exclusive licensee of top of the scheme from from the time it was formed in 1997 until 2009 when it filed its trademark application during that period of time any use of the trademark by metal jeans in order to the benefit of top of the scheme as the owner of the trademark and therefore in order for them to establish for the plaintiff in this case to establish priority going back before 1997 it needs to rely on the rights of top of Lewinsky America which is the same entity that committed the fraud was that the basis for the district courts decision because I saw that argument in your briefs that but it seems to me like you know you're you are saying that that you made that argument but I don't I don't recall that that was the argument that the district court relied on in concluding that that that that this particular defendant had unclean hands or this particular plan yes your honor fact that the district court said that the that the trademark application was born of mr. top of whiskey's fraud but those words are used by the district court in the decision that it was very cognizant and relied on the fact that that mr. top of Lewinsky and and the in the record here is very very clear that there are a persistent pattern of false statements made by mr. top of Lewinsky where he contrary where he has made false statements to the United States Patent Trademark Office when he was the owner of the registration that was canceled when he was the principal of top of Lewinsky America and that he made false or statements to the United States Patent Trademark Office in connection with the application that became the registration that's an issue in this case but in any event the fraud of the other false statements counsel what are some of some of the so he submitted so what happened was the registration was canceled in January of 2009 and then about 10 days later metal jeans which at the time was the exclusive licensee at top of Lewinsky America there's no evidence in the record and there's disputed statements as to whether or not mr. top of Lewinsky assigned any rights in the trademark to metal jeans he claimed that his deposition that he did but in interrogatory responses claims that they metal jeans acquired its rights in the mark by filing the application so he contradicts himself it's not someone else claiming that there was a contradiction but then he also stated a data first you know he's not a lawyer no I understand there's some contradictions I don't I don't but but the judge here the district court judge took all of those contradictions as being falsehoods and that's what I think is so the example you just gave I mean it also could just be that he doesn't understand how all of this stuff works which would be fairly normal for a non-lawyer especially a non trademark lawyer your honor he took a position in this lid in the litigation where he signs we've verified interrogatories when he said that this is how we acquired the rights to this trademark and then at his deposition he said oh no no I assigned I was the principal of both top Lewinsky America and of metal metal jeans in 2009 and I assigned it to myself there's no written written record of an assignment there's no evidence of any there's no written record so he may have been he may have been incorrect about he may have been incorrect when he actually said he assigned it but again he's not he's not a lawyer he may have thought that you know that's basically how we did it but that's not how we did it so he may have be incorrect in what he said but it's different saying that what he said was incorrect as opposed to the fact that he's committing fraud or lying the point your honor is that he has had a reckless disregard for me making truthful statements the United States Patent and Trademark Office in that application that he filed in 2009 he stated that the first use of the marked metal was in 1990 but in interrogatory responses two years earlier he said the first date of use was in 1998 eight years later there's a persistent pattern of him making statements that are contradictory in filings before the USPTO and in in when it was actually adjudicated before the United States Patent and Trademark Office they determined that he committed fraud so you're talking about the first thing you mentioned yes yes I get I get that I think that's probably your strongest argument so but I think it'd have to be more than that for I mean I don't even your honor I don't think you need more than that frankly but I think there is more than that here I think all of the other stuff in the in the in the that I looked at and it seemed to me like there's definitely inconsistencies I mean you get the impression that you've got a fairly unsophisticated unsophisticated party and and he's not a lawyer and if they're saying you know you know like on the on the denim thing says well we're not a denim brand because they're not just a denim brand these are as lucky jeans only do denim but you would say that lucky jeans is like a premium denim brand right so in some sense what both statements are true but they could also be taken as inconsistent that seems to me the kind of thing that you would not draw an inference against against them on your your honor there is such a persistent pattern here of inconsistent statements and false statements that that no juror could could reasonably conclude that he was not either taking having a reckless disregard for the truth or knowingly making false statements both to the PTO and to the public you're on a Mac man move on yeah oh yeah so I want to just a couple of things one is the standard of review this is an equitable defense of unclean hands typically while summary judgment motions are reviewed de novo the equity defense of unclean hands should be reviewed for abuse of discretion in the reply brief appellant argues that there's no authority for that proposition but this court just three weeks ago in a decision certified nutraceuticals versus incentive nutraceutical 18-5 6 6 3 1 held affirmed a grant of summary judgment on unclean hands and stated that the application of unclean hands is reviewed for abuse of discretion and similarly in the this course decision in pink at clothing they also was reviewed for abuse of discretion so I think the appropriate standard is a bruise abuse of discretion with respect to the unclean hands defense with respect to the clear and convincing standard they argue that there's a per se rule that if the state if the standard of proof is not recited in the district courts decision that's reversible error that's simply not the law they cite to a bunch of cases for that proposition but those cases stand for the proposition that if they don't articulate the correct legal elements of the case and you can determine you can't determine what the basis for the district courts decision was and that can be reversible error here there's a there's decided with this court 2008 where exact in this exact fact there was no error I'll cite to the case it's u.s. vs. Garcia Renteria 298 F appendix at Fed appendix 552 and the court said there's no error even when the district court did not identify the standard of proof that it's applying when it's evident from the lower course decision that the correct standard was applied so if the court can determine from reading the decision that the correct standard was in addition I wanted to address the the alleged improprieties by metal sport first thing I want to raise is the fact that this argument that the are in the circle the registered trademark symbol it was put on clothing and that somehow is deceptive to the public that argument was completely waived it was never raised before in any of the papers the appellant is trying to conflate two arguments and and sort of foreign shoe that argument into the other argument which was barely raised but but but I mean perhaps enough to not be waived but the council didn't the district court address this argument no this argument was never made was not in the briefs the argument let me be clear there are two arguments here your honor one is that a bite by deleting goods from the false statement was made to the PTO that's argument number one argument number two is by using the registered our symbol on the clothing that is a misrepresentation to the public that are that argument about the registered our symbol appearing on the clothing was never raised below it is raised for the first time on appeal is absolutely waived the argument that the the the goods that there was a representation of false representation to the PTO with respect to the deletion of the goods is also false it's incorrect the the the context is that metal metal sport was using the mark since 1997 in 2012 it applied for federal registration of and had been using on clothing and what happened was the trademark office denied refused registration based on metal jeans registration but in the response to the office action in a section of entitled the goods are different as amended and this is in the record at er 364 it says the newly amended goods are squat suits bench suits deadlift suits lifting shoes lifting socks and then it says the following statements and these are the statements that they rely upon that claim are a false representation to the PTL as amended applicants goods cover apparel and footwear that is clearly athletic in nature in fact the items offered by applicant are quite specific to a certain specialized fitness activity specifically weight lift that sentence both those sentences are referring to the amended goods there's no reference whatsoever to the goods that were deleted from the application since there was no representation about use of mark on clothing products there can't be a false representation and so this whole argument is just a red herring there any questions on that if you have it answer them so I think that that in conclusion some money at a time here I think there is ample evidence in the record that the district court applied the correct standard in finding that there was unmistakable evidence of unclean hands unclean and contrary to to to the claims here there is no requirement of an intent to deceive it's an equitable it's an equitable theory and the theory is that if they acted in bad faith and and fraud on the PTO certainly would qualify as bad faith that is sufficient to sustain the inequity remedy of unclean hands and the courts decision below should be affirmed thank you yarns thank you mr. Marcus mr. Gibson I believe we had some time left thank your honor I think the the issue here is that there are inconsistent statements in the record and that on summary judgment those inconsistencies shouldn't be resolved in favor of the moving party they should have been resolved in favor of metal jeans the non-moving party and unfortunately the district court resolved those inconsistencies in a way that all went in favor of metal sport the moving party not in favor of metal jeans the non-moving party and that's how the decision came about also what about his specific what your opposite counsel talked about this specific fraud on the PTO argument that ended up losing the predecessor that had the mark had them lose their their trademark well the it's based on the use of the mark not being made on boots for a five-year period of time and I think the district court has to look at that and you're going to hear would hear testimony about that not just look at the record and resolve and say that top of loose key must have been trying to do something wrong it would be easy for an unsophisticated person who's not a trademark lawyer to not realize he should have deleted boots and not said there's a number of items of clothing here that are being used in which the mark was still being used on and in this situation just didn't happen that they sold boots in that five-year period but that's hardly enough to say that you should have unclean hands for a different company in that situation so again if these issues have been resolved in favor of the non-moving party metal jeans the court wouldn't have would have found their dispute issues of fact and not reach a summary judgment which we submit should be reversed your honors and unless there's anything further I will submit all right thank you very much counsel metal jeans versus no score is submitted and the session of the court is adjourned for today thank you very much counsel thank you
judges: Wardlaw, Hillman, Vandyke